**CITY OF CLEVELAND, Appellee,**

v.

**KLIMENT et al., Appellants.**

[Cite as *Cleveland v. Kliment* (1990), 68 Ohio App.3d 730.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 57247, 57248.

Decided Aug. 6, 1990.

*Patricia Blackmon,* Chief Prosecutor, for appellee.

*John H. Higgins,* for appellants.

PRYATEL, Judge.

On November 8, 1988, defendants-appellants Dennis Kliment and Anthony Miklovic ("defendants") were employed as repossession men for a local

Cleveland, Ohio bank. On that day defendants went to John Marshall High School in Cleveland in search of a car that they were directed to repossess. Defendants entered the school. According to Kliment, he and Miklovic went to an office where they were advised that the teacher whose car they sought to repossess was on the second floor. While on the second floor, Principal Brian Wirtz found them and asked them what they wanted. Defendants told Wirtz that they were looking for a Mr. Harris, the owner of the car they sought to repossess. Wirtz told them they were trespassing and to leave the property. With the assistance of security personnel, defendants were escorted off the property. The security guard once again told defendants they were trespassing and that they had to leave.

The next day the defendants once again returned to the school property. They entered the parking lot and broke into the car. Wirtz received notice that a car was being broken into and went out to investigate. Wirtz testified that he placed himself in front of the car in an effort to stop what he thought was a theft. The defendants accelerated and Wirtz was forced to jump away, slightly injuring his arm.

Defendants were charged with criminal trespassing in violation of Cleveland Codified Ordinance 623.04. The defendants were found guilty by the trial court and sentenced to thirty days and a fine of $250 each. Defendants timely appealed and assign one error for our review:

"The appellants' convictions are against the manifest weight of the evidence and contrary to law."

Defendants were found guilty of violating Cleveland City Ordinance 623.04, which provides in pertinent part:

"(a) No person, without privilege to do so, shall do any of the following:
" * * *

"(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard."

▪ A reviewing court will not reverse a verdict when there is substantial evidence from which a trier of fact could reasonably conclude that the state has proven each element of the offense charged beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. Furthermore, it is within the purview of the factfinder to assess the credibility of the witness. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

▪ In the present case defendants were told on November 8, 1988 by the principal of the high school that they were not to enter upon the school's

property. Ernest Evans, the security guard who escorted the defendants off the property, also informed defendants that they were not to return. Evans testified that the defendants told him they were "repo" men, and informed him of their purpose. Evans testified that he told them that their purpose made no difference and that they were not to return.

The facts as presented by the testimony of Wirtz and Evans clearly indicate that defendants were well informed on November 8, 1988 that the school did not extend to them the privilege to enter the parking lot on November 9, 1988 to pursue their mission.

Defendants' assignment of error is overruled.

*Judgment affirmed.*

JOHN F. CORRIGAN, P.J., and FORD, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

ROBERT B. FORD, J., retired, of the Geauga County Court of Common Pleas, sitting by assignment.